IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DENIS JAVIER DELGADO          §
ORTEGANO,                     §
    A# 220783800,             §
       Petitioner,       §
                              §
v.                            §          No. 3:26-CV-275-D-BW
                              §
DIRECTOR, Prairieland Detention §
Center,                       §
      Respondent.         §          Referred to U.S. Magistrate Judge[1]

## NOTICE OF DEFICIENCY AND ORDER

    Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed and signed by Ladydy Maria Villarreal Oviedo as "next friend" and on behalf of Petitioner Denis Javier Delgado Ortegano, an immigration detainee at the Prairieland Detention Center in Alvarado, Texas.  (Dkt. No. 3.)

    "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  A petition for a writ of habeas corpus must "be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242. Courts do not automatically grant "next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner, however.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

    To represent a party as "next friend" in a habeas action, the purported next friend must: (1) give an adequate explanation why the real party in interest cannot pursue the action on his own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) establish that there is a true dedication to the best interest of the real party in interest, which may require a "significant relationship with the real party in interest."  *Id.* at 163-64.  The purported next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court." *Id.* at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

Here, Oviedo is not licensed to practice law and lacks authority to file legal claims on behalf of a detainee. She has not demonstrated that Ortegano is incapable of prosecuting this case on his own, and she makes no suggestion of inaccessibility, mental incompetence, or other disability; she also is not automatically entitled to next-friend status by virtue of her relationship to Ortegano as his wife. *See, e.g.*, *United States v. Barrandey*, No. MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities). Accordingly, Oviedo has not established the propriety of "next friend" status for purposes of § 2242, and she may not represent Ortegano in this habeas action.

Ortegano, however, has the right to pursue habeas relief through licensed counsel or on his own behalf by filing the appropriate form § 2241 petition under his own signature. **If Ortegano wishes to pursue this habeas action, he must obtain licensed legal representation or complete, sign, and return the enclosed form for actions filed under 28 U.S.C. § 2241 within 30 days of the date of this order.**

If Ortegano does not wish to pursue this habeas action, he may dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a).

Ortegano must immediately notify the Court of any change of address and its effective date by filing a notice entitled "Notice to the Court of Change of Address." The notice should contain *only* information about the change of address and effective date.

Failure to comply with this order may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

The Clerk of the Court is **DIRECTED** to send Ortegano:

    (1) a copy of this order, and

    (2) a standard form for cases filed under 28 U.S.C. § 2241, with the case number and notation "Amended" included on the form.

The Clerk of the Court also is **DIRECTED** to send Oviedo a copy of this order and to remove her as a party in the case. Oviedo shall not receive any further notice of the proceedings here.

No process will issue except upon order of the Court.

**SO ORDERED** on February 5, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE